IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT J. PEREZ,**

       **Plaintiff,**

vs.     13cv516 JCH/RHS

**CITY OF FARMINGTON, KYLE WESTALL,**
**Individually and as Chief of Police, ROBERT MAYES,**
**Individually and as City Manager, JAMES RUNNELS,**
**Individually and as former Chief of Police,**

       **Defendants.**

**ORDER GRANTING MOTION TO COMPEL**
**AND RULING ON DOCUMENTS OBTAINED FROM CITY COMPUTER SYSTEMS**

THIS MATTER comes before the Court on Defendants' Motion to Compel (Doc. 25) and Defendants' Motion for Ruling on Documents Obtained from City Computer Systems (Doc. 26). The Court has reviewed Plaintiff's respective Responses (Docs. 29 and 30) and Defendants' respective Replies (Docs. 31 and 32), and concludes that the Motion to Compel will be granted and that the Defendant City is entitled to retain and use documents from its own computer system.

**Motion to Compel**

In the Motion to Compel (Doc. 25), Defendants seek a mirror image of Plaintiff's personal computer hard drive so that Defendants may obtain data, including deleted or scrubbed data, regarding Plaintiff's investigation into Deborah Dusenberry. Defendants have presented evidence that Plaintiff's personal laptop computer was open and in his office during work hours, and that work documents were emailed back and forth between Plaintiff's City email account and personal email account (Doc. 33-1). While Plaintiff denies that he used his personal computer for work, the Court finds that the evidence presented merits further investigation into whether such documents exist on his personal computer.   Fed. R. Civ. P. 26 permits discovery of relevant information, and

there is not any dispute that Plaintiff's handling of the Deborah Dusenberry investigation is relevant to the claims and defenses of the present litigation.

Counsel are to requested to communicate with each other, and by January 6, 2014, identify a neutral, third-party computer analyst who can perform the forensic analysis.

In order to protect the data on Plaintiff's personal computer that is not relevant to the litigation, Plaintiff and/or his counsel may be present while the mirror image is being made of Plaintiff's original computer; Plaintiff's counsel may require that the mirror image remain in Plaintiff's counsel's office; and Plaintiff's counsel may require that the forensic analysis of the mirror image be conducted in Plaintiff's counsel's office.   Plaintiff and/or his counsel may review all substantive documents generated by the forensic analysis prior to any production to Defendants.   Once the requested documents relevant to the litigation are produced consistent with the Federal Rules of Civil Procedure, the mirror image of Plaintiff's personal computer must be returned to him and in no event will Defendants come into possession of the complete mirror image of the personal computer.   The only information which Plaintiff will be required to share will be data regarding the investigation of Deborah Dusenberry.

## Motion for Ruling on Documents Obtained from City Computer Systems

During the course of his employment, Plaintiff used a City computer and city email account.   Plaintiff used the City computer and email account to access email with his private attorney.   After Plaintiff's termination from the City, the City discovered the emails and documents and produced them to Plaintiff during this litigation.   Plaintiff now contends that those same documents are attorney-client privileged and the City must destroy its copies of the documents obtained from the City computer systems.   Defendant seeks a ruling from the Court that the City is entitled to retain and use the documents obtained from the City computer system.

Attorney-client privilege must be jealously guarded.  As Plaintiff noted in his Response brief (Doc. 30 at 6), "[T]he confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived. The courts will grant no greater protection to those who assert the privilege than their own precautions warrant."  United States v. Ryans, 903 F.2d 731, 741 n. 13 (10th Cir. 1990) (citing In Re Sealed Case, 877 F.2d 976, 980 (D.C.Cir.1989)).  "The attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party."  Id.  See also In Re Qwest Communications Intern. Inc., 450 F.3d 1179, 1185 (10th Cir. 2006).

Based on the facts as presented in the briefing and based on common sense, the Court finds that Plaintiff knew or should have known that he did not have any expectation of confidentiality or privacy when using the City computer system, and use of the system for communication constitutes disclosure of the information.  The City's own policy clearly states, "[e]mployees do not have a personal privacy right in any matter created on, received through or sent through the City E-mail/Internet or voice mail systems.  Electronic communications are not secure, even with the use of personal access code or password and even after they have been deleted" (Doc. 26-6 at 1).  Even without such a written policy, no reasonable employee has an expectation of confidentiality or privacy when using the employer's computer system.  Moreover, Plaintiff knew that he was employed by a public entity and given the years that he worked in the public sector, knew or should have known that not only could his employer access documents on the employer's computer system, but that the employer may be required by New Mexico's Inspection of Public Records Act to release documents to the public.  Because Plaintiff did not have any cognizable expectation of confidentiality or privacy to communications made through the City computer system, any privilege that may have existed is waived.

Therefore, the City does not have any obligation to destroy any of its copies of documents obtained from its own computer system. In fact, it has the obligation to preserve them as evidence during the pendency of this litigation. The City may continue to use the documents unless and until the trial court issues a ruling regarding their admissibility at trial.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE